AMOS MITCHELL v. THE STATE.

No. 2585.    Decided June 25, 1913.

Murder—Motion for New Trial—Intent—Aggravated Assault—Charge of Court.

A general bill of exceptions to the overruling of a motion for new trial does not add any strength to the grounds in such motion. Where, upon a trial of murder and a conviction of manslaughter, there was no evidence to show the size or weight of the stick used in inflicting the blow, and there was evidence that defendant had no intent or purpose to kill deceased, the court's failure to charge the jury with reference to this phase of the case as well as on the issue of aggravated assault was reversible error.

Appeal from the District Court of Waller. Tried below before the Hon. C. W. Robinson, sitting in exchange.

Appeal from a conviction of manslaughter; penalty, three and one-half years in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The only bill of exceptions in the record was reserved to the action of the court overruling the motion for new trial. This does not add any strength to grounds of the motion. It is simply an exception to the action of the court in not sustaining the grounds of the motion. The evidence, in brief, discloses that deceased, Lewis Wade, was struck on the head by the defendant with a stick of wood from which lick he died. The evidence is such that the two wounds may have been caused by the same blow, and it shows the skull was crushed or broken. There is evidence also that the first lick struck by appellant broke Wade's arm, which he threw up to ward off the blow, and with the remainder of the stick of wood deceased was struck on the head. The State makes a case which would warrant conviction. The defendant introduced evidence to the effect that he acted under the impulse of the moment growing out of a quarrel on account of misconduct of deceased at his, appellant's, residence. There was a social function at appellant's residence at the time, and the defensive evidence is to the effect that deceased was misbehaving himself, out of which grew the difficulty. Deceased had left the house, and was in the yard at the time he was struck. Appellant introduced testimony which tends to show self-defense. The court charged on murder in both degrees, manslaughter and self-defense, the jury assessing a penalty of three and one-half years for manslaughter. Appellant testified that when he struck deceased it was with no intent to kill him and he had no purpose to kill. This was his theory of the case. The court failed to charge the jury with reference to this phase of appellant's testimony as well as on the issue of aggravated assault. There is no evidence in

the record to show the size or weight of the stick, or that it was a deadly weapon, outside of the mentioned fact which was the blow inflicted did break his skull, producing death. We are of the opinion the court should have charged the jury on appellant's theory of the matter, that inasmuch as there was no evidence that the weapon used was a deadly one, and no testimony introduced as to its size or weight, and in view of the fact that he testified he had no purpose or intent to kill deceased, that these matters should have been charged to the jury in order they might pass upon his side of the case. The jury, of course, in acquitting of murder eliminated any question of malice and decided it was a voluntary killing under adequate cause and sudden passion. Had the killing been intentional and voluntary and with a deadly weapon, the verdict of the jury would be warranted. But his testimony suggested he did not intend to kill, and the State failed to prove a deadly weapon, and all the facts show a sudden difficulty. On account of the matters above stated we are of opinion the court erred in not charging with reference to specific intent and aggravated assault, for which reason the judgment is reversed and the cause is remanded.

*Reversed and remanded.*